**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4697**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAMES DAVID RAKEEM HARTSFIELD,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00312-FL-1)

Submitted:  November 8, 2011          Decided:  November 15, 2011

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James David Rakeem Hartsfield entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006). Hartsfield reserved his right to appeal the issue whether his prior state conviction, for possession of cocaine in violation of N.C. Gen. Stat. § 90-95(a)(3) (2009), was punishable by more than one year of imprisonment and therefore a predicate felony for the § 922(g) conviction. On consideration of Hartsfield's unopposed motion to vacate his federal conviction, we reverse.

The judgment for the state court conviction, included in the record below in support of Hartsfield's motion to dismiss the indictment, reveals that Hartsfield faced a maximum possible sentence of ten months for his cocaine conviction under North Carolina law. At the time that the district court accepted Hartsfield's guilty plea, our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), dictated that a court, when determining whether a prior conviction could be considered as a felony, should "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp has since been overturned by our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Simmons holds that a North Carolina offense may not be classified as a felony based upon the maximum

2

aggravated sentence that could be imposed upon a repeat offender if the defendant before the court was not actually eligible for such a sentence. Id. at 241-46. Because Hartsfield was not subject to a sentence exceeding one year, his state conviction was not a felony conviction, and therefore, the conduct that formed the basis for his federal conviction, possessing a firearm, did not violate § 922(g).

Accordingly, we reverse Hartsfield's conviction and remand for further proceedings.[*] We deny Hartsfield's motion to vacate as moot. The clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

[*] We of course do not fault the district court for its reliance upon, and application of, unambiguous circuit authority at the time of Hartsfield's conviction.

3